IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-41324
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SOLOMON MANAWAY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-00-CR-374-1
- - - - - - - - - -
October 25, 2001

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Solomon Manaway pleaded guilty to transporting an alien within the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) & (a)(1)(B)(i). He appeals the district court's three-level increase in his base offense level under U.S.S.G. § 2L1.1(b)(2)(A) for transporting 6-24 aliens. Manaway contends that his involvement in the offense was limited to the four individuals that he transported and that the fact that there were four other illegal aliens in another room at the same inn should not be held against him.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Manaway admitted that he drove a van with four illegal aliens in it to an inn and that he provided food to these people. To reach the inn, he followed another vehicle containing an additional four illegal aliens. The two groups of aliens stayed in adjacent rooms at the inn. Two of the aliens gave statements indicating that they and three others had paid Manaway $1,500 in $100 bills to transport them to Houston, Texas. Manaway possessed eighteen $100 bills at the time he was arrested. Manaway stated that the man he followed to the inn had met at the inn with another man who was to take the aliens to Houston. The district court found that Manaway's actions were taken as part of a common scheme or joint undertaking with the man who transported the other four aliens. Under these facts, we hold that the district court's application of U.S.S.G. § 2L1.1(b)(2)(A) was not clearly erroneous. See U.S.S.G. § 1B1.3; United States v. Young, 981 F.2d 180, 188-89 (5th Cir. 1992).

AFFIRMED.